## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JAMES DAVID PETTY,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:11-CV-754-Y** |
| **BOBBY STIDHAM, Director,** | § | |
| **Erath County Supervision and Corrections,** | § | |
| **GREG ABBOTT, Attorney General,** | § | |
| **the State of Texas,** | § | |
| **Respondents.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner James David Petty is a state probationer in custody of Erath County Supervision and Corrections.

Respondent Bobby Stidham, is Director of Erath County Supervision and Corrections and Respondent Greg Abbott is Attorney General for the State of Texas.

## C. Factual and Procedural History

On December 17, 2009, petitioner pleaded guilty to assault with bodily injury in the 266th District Court in Erath County, Texas, and received a ten-year probated sentence.  (Pet. at 2) Petitioner did not seek direct review of his conviction or postconviction state habeas corpus relief. (*Id.* at 3)  From the record there is no indication that the probation has been terminated.

Petitioner filed the instant federal petition for writ of habeas corpus on October 21, 2011.[1] He raises the following four claims challenging his 2009 conviction: (1) the victim's statement was only half true; (2) his court-appointed attorney was unwilling to do his job; (3) the only evidence in the case was the victim's statement; and (4) he was held for three months and one day and could not get a bond set.  (Pet. at 6-7)  Respondent has filed a motion to dismiss the petition on limitations and/or exhaustion grounds.  Petitioner did not respond to the motion.

## D. Statute of Limitations

28 U.S.C. § 2254 imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief by a state prisoner.  Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

---

[1]Typically, a prisoner's pro se habeas petition is deemed "filed" when it is handed over to prison authorities for mailing.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).  Petitioner, however, is not incarcerated; thus, the prison mailbox rule is inapplicable.

2

United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the state court judgment became final by the expiration of the time for seeking direct review.[2]  For purposes of this provision, the state court judgment became final upon expiration of the time that petitioner had for filing a timely notice of appeal on January 19, 2010,[3] and expired one year later on January 19, 2011, absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner is not entitled to statutory tolling of the limitations period under § 2244(d)(2) because he did not file an action for postconviction state habeas relief challenging the conviction.

---

    [2]There are no allegations that the state imposed an unconstitutional impediment to the filing of petitioner's federal petition, that the Supreme Court has announced a new rule(s) applicable to petitioner's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence.  Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

    [3]January 16, 2010, was a Saturday, and January 18, 2010, was Martin Luther King Jr. Day, a federal court holiday.

Nor has he alleged or demonstrated that he may be entitled to equitable tolling of the federal limitations period. *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560 (2010). Under *Holland*, "a habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562) (alteration in original) (internal quotation marks omitted), *cert. denied*, — U.S. —, 131 S. Ct. 1574 (2011). Petitioner has not established that he was diligent in his pursuit of federal habeas relief or that he was prevented from asserting his legal rights by extraordinary circumstances. He states in his petition that he was told he had a two-year limitations period and that he has been trying to obtain counsel but cannot afford to do so. (Pet. at 9) Petitioner's allegations of indigence, pro se status, and lack of knowledge of filing deadlines are insufficient however to justify equitably tolling the limitations period. *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999) (providing that unfamiliarity with legal process, ignorance of the law, or lack of legal training does not merit equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (providing that, among other things, ignorance of the law, lack of knowledge of filing deadlines, a prisoner's pro se status, a lack of legal training, and actual innocence claims will not support equitable tolling).

Petitioner's federal petition was due on or before January 19, 2011; thus, his petition filed on October 21, 2011, is untimely.

4

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.[4]

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 25, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[4]Based on the undersigned's recommendation, the issue of exhaustion is not addressed herein.

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 25, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January _____4_____, 2012.


_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE